UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Oscar Wilfredo DeLeon, et al.,<br><br>    Plaintiffs<br>v.<br><br>James L. Robinson, et al.,<br><br>    Defendants | Case No. 2:23-cv-01452-JAD-NJK<br><br>**Order Granting Motion to Dismiss with Leave to Amend by December 31, 2024**<br><br>[ECF No. 45] |

    This case arises from a dispute involving plaintiffs Oscar Wilfredo DeLeon, Diana Andrade Ordonez, Karla Nunfio-Menjivar, and Ajani Hunt and defendants James L. Robinson, Giddy Up Energy Products, and R-Three Technologies, Inc.  The plaintiffs, represented by counsel, bring a slew of claims against the defendants, including breach of contract, breach of the implied covenant of good faith and fair dealing, fraudulent or intentional misrepresentation, constructive fraud, conversion, securities fraud, and constructive trust.  But they provide almost no factual assertions in their complaint, making it difficult to determine the nature of this dispute.  The complaint contains a single factual allegation, which states:

> That the defendants have failed and refused to return capital and profits of said investments or make any payments towards the capital owed to the plaintiffs.  The original investment was altered, due to the defendants' conduct, as set forth in the Fraud Investigation Report attached and incorporated as part of this complaint.  The changes in the defendants' conduct were not a viable approach for the benefit of the plaintiffs as the defendants never could have or intended to return the plaintiffs' investments.  The actions of the defendants, and each of them, were relied upon by the plaintiffs and constitute fraud, deception, breach of contract, securities fraud and other violations as set forth in this complaint.[1]

---

[1] ECF No. 1 at ¶ 8 (cleaned up).

While it refers to "said investments," it does not explain the nature of those investments in any further detail.

The defendants move to dismiss the complaint under Federal Rule of Civil Procedure (FRCP) 12(b)(6), arguing that the plaintiffs failed to state a claim upon which relief may be granted. I find that the plaintiffs fail to state a viable claim, so I grant the motion but do so with leave to amend to cure the deficiencies identified in this order. If the plaintiffs decide to amend their complaint, they must include enough factual assertions in the complaint so that it contains sufficient information to "state a claim to relief that is plausible on its face."[2] And, with respect to the fraud claims, the plaintiffs must meet the heightened standard of FRCP 9 and "state with particularity the circumstances constituting the fraud."[3]

## Discussion

Federal Rule of Civil Procedure 8(a) provides the basic standard for federal pleadings: "A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." District courts employ a two-step approach when evaluating a complaint's sufficiency on a Rule 12(b)(6) motion to dismiss. The court must first accept as true all well-pled factual allegations in the complaint, recognizing that legal conclusions are not entitled to the assumption of truth.[4] Mere recitals of a claim's elements, supported by only conclusory statements, are insufficient.[5] The court must

---

[2] *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[3] *See Becerra v. Dr. Pepper/Seven Up, Inc.*, 945 F.3d 1225, 1228 (9th Cir. 2019).
[4] *Iqbal*, 556 U.S. at 678–79.
[5] *Id.*

then consider whether the well-led factual allegations state a plausible claim for relief.[6] A claim is facially plausible when the complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct.[7] A complaint that does not permit the court to infer more than the mere possibility of misconduct has "alleged—but not shown—that the pleader is entitled to relief," and it must be dismissed.[8]

**A.  Plaintiffs' breach-of-contract claim is not viable.**

"In Nevada, a plaintiff alleges a breach of contract by pleading four elements: (1) formation of a valid contract; (2) performance or excuse of performance by the plaintiff; (3) material breach by the defendant; and (4) damages."[9] As the Nevada Supreme Court has explained, the plaintiff generally has the burden of pleading and proving that it fulfilled conditions precedent in order to recover on a breach-of-contract claim.[10] But the plaintiffs put forward only conclusory statements that there was an enforceable contract, that breach of that contract occurred, and that they suffered damages as a result.[11] They provide no facts to support these legal conclusions. So the breach-of-contract claim falls short of stating a plausible claim and must be dismissed.

---

[6] *Id.* at 679.

[7] *Id.*

[8] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[9] *Johnston v. Int'l Martial Arts Fed'n*, 2015 WL 273619, at *3 (D. Nev. Jan. 22, 2015) (citing *Bernard v. Rockhill Dev. Co.*, 734 P.2d 1238, 1240 (Nev. 1987)).

[10] *Clark Cnty. Sch. Dist. v. Richardson Const., Inc.*, 168 P.3d 87, 95, n.21 (Nev. 2007) (citing Nev. R. Civ. P. 9(c) and *Walton v. Nalco Chem. Co.*, 272 F.3d 13, 20–23 (1st Cir. 2001)).

[11] ECF No. 1 at 3.

### B. Plaintiffs also fail to plead a claim for breach of implied covenant of good faith and fair dealing.

In addition to the breach-of-contract claim, the plaintiffs plead a claim for contractual and tortious breach of the implied covenant of good faith and fair dealing.[12] A breach of this implied covenant, regardless of whether it sounds in contract or tort, occurs when "the terms of a contract are literally complied with but one party to the contract deliberately [contravenes] the intention and spirit of the contract."[13] Both require a contract between the parties.[14] Because I find that the plaintiffs have failed to adequately allege facts showing that such a contract existed, the implied-covenant claim fails too, and I dismiss it.

### C. Plaintiffs' claims for fraudulent or intentional misrepresentation and constructive fraud are also inadequate.

To state a claim for fraud in Nevada, the plaintiff must demonstrate (1) a "false representation made by the defendant," (2) the defendant's knowledge or belief that the representation is false," (3) the defendant's "intention to induce the plaintiff to act or refrain from acting in reliance upon the misrepresentation," (4) the plaintiff's "justifiable reliance upon the misrepresentation," and (5) "[d]amage to the plaintiff resulting from such reliance."[15] And a complaint is subject to deeper scrutiny when it contains allegations of fraud or mistake. Rule 9 of the Federal Rules of Civil Procedure requires a party to "state with particularity the circumstances constituting fraud or mistake."[16] Rule 9's "particularity" standard requires a

---

[12] *Id.* at 4.

[13] *Hilton Hotels Corp. v. Butch Lewis Prods., Inc.*, 808 P.2d 919, 922–23 (Nev. 1991).

[14] *Id.*

[15] *Bulbman, Inc. v. Nevada Bell*, 825 P.2d 588, 592 (Nev. 1992).

[16] Fed R. Civ. P. 9(b).

plaintiff to "identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement, and why it is false."[17] The plaintiff must set forth not only "the neutral facts necessary to identify the transaction" but also "what is false or misleading about a statement, and why it is false."[18]  "As with Rule 12(b)(6) dismissals, dismissals for failure to comply with Rule 9(b) should ordinarily be without prejudice."[19]

The fraud claim itself contains only a recitation of its elements and conclusions that those elements have been met.[20]  The plaintiffs allege that the defendants' representations were false, but they don't plead facts to plausibly show they were false.[21]  They also conclude—but do not allege facts to plausibly show—that the defendants made false representations and that the plaintiffs relied on those false representations.[22]  For these deficiencies, the fraud claims fall short of the standard pleading requirements, and they certainly do not meet the heightened particularity standard required.  I therefore grant the defendants' dismissal on this ground.

**D.    Plaintiffs also fail to plead plausible claims for conversion and constructive trust.**

The defendants argue that the plaintiffs' claims for conversion and constructive trust are "mere recitations of the elements" of those claims.[23]  In Nevada, conversion is "a distinct act of

---

[17] *Ebeid ex rel. United States v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010).

[18] *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003) (quoting *Decker v. GlenFed, Inc.*, 42 F.3d 1541, 1548 (9th Cir. 1994)).

[19] *Id.* at 1108.

[20] ECF No. 1 at 4–6.

[21] *Id.*

[22] *Id.* (alleging that the defendants "made numerous false representations," "said representations . . . with knowledge . . . that the representations were false," and "breached [a] duty by concealing material facts").

[23] *Id.* at 7.

dominion wrongfully exerted over another's personal property in denial of, or inconsistent with [her] title or rights therein or in derogation, exclusion, or defiance of such title or rights."[24] But plaintiffs have pled nothing but conclusory statements to support this claim. They provide no facts describing the "acts of dominion wrongfully exerted" or the relevant "personal property." Plaintiffs provide even less detail for the constructive-trust claim. They allege that they have been required to retain an attorney "as a result of [the] [d]efendant[]s['] actions" but make no attempt to explain what those actions were. So I also dismiss the conversion and constructive-trust claims, under FRCP 12(b)(6).

### E. Plaintiffs may amend their complaint to cure the deficiencies.

While I find that the plaintiffs have not sufficiently pled any of the claims listed in the complaint, I grant leave to amend to cure the deficiencies identified in this order. Federal Rule 15(a) states that "[t]he court should freely give leave [to amend] when justice so requires." The Ninth Circuit has construed this rule broadly, requiring that leave to amend be granted with "extreme liberality."[25] This broad discretion must be guided by the underlying purpose of Rule 15 to facilitate a decision on the merits rather than on the pleadings or "technicalities."[26] Accordingly, I grant the plaintiffs leave to file an amended complaint if they can truthfully allege facts that raise their allegations beyond mere speculative and conclusory statements. This requires the plaintiffs to describe the facts from which the court can infer liability. If the

---

[24] *M.C. Multi-Family Dev., L.L.C. v. Crestdale Assocs. Ltd.*, 193 P.3d 536, 542 (Nev. 2008) (quoting *Evans v. Dean Witter Reynolds, Inc.*, 5 P.3d 1043, 1048 (Nev. 2000)).

[25] *Morongo Band of Mission Indians v. Rose*, 893 F.3d 1074, 1079 (9th Cir. 1990) (citation omitted); *Poling v. Morgan*, 829 F.2d 882, 886 (9th Cir. 1987) (noting "the strong policy permitting amendment" (citation omitted)).

[26] *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981) (citing *Conley v. Gibson*, 355 U.S. 41, 47–48 (1957)).

plaintiffs choose to file an amended complaint to cure these pleading defects, they must do so by December 31, 2024.

**Conclusion**

IT IS THEREFORE ORDERED that the motion to dismiss **[ECF No. 45] is GRANTED; all of the plaintiffs' claims are dismissed without prejudice and with leave to amend by December 31, 2024**.  If they fail to file a proper amended complaint by this deadline, this case may be closed.

                                            _____
                                            U.S. District Judge Jennifer A. Dorsey
                                                                    December 9, 2024