1
2
3
4                    **UNITED STATES DISTRICT COURT**
5                        **DISTRICT OF NEVADA**
6    OSCAR WILFREDO DE LEON, et al.,
                                                    Case No. 2:23-cv-01452-JAD-NJK
7          Plaintiffs,
                                                    **REPORT AND RECOMMENDATION**
8    v.

9    JAMES L. ROBINSON, et al.,

10         Defendants.

11         On October 14, 2025, the Court ordered Plaintiffs Diana Andrade Ordonez, Trustee of The
12   Queen's Empire Revocable Living Trust, and Karla Nunfio-Menjivar, Trustee of The Green Rose
13   Trust, to retain new counsel and have that counsel file a notice of appearance in accordance with
14   the Local Rules by November 17, 2025.  Docket No. 88.  On November 17, 2025, Plaintiffs
15   Ordonez and Nunfio-Menjivar filed a notice of intent to proceed *pro se*.  Docket No. 94.  On
16   November 18, 2025, the Court issued an Amended Order to Show Cause as to Plaintiffs Ordonez
17   and Nunfio-Menjivar because Plaintiffs, as non-attorney trustees, may not represent trusts *pro se*
18   in federal court.  Docket No. 96; *see Sundby v. Marquee Funding Grp., Inc.*, No. 21-55504, 2022
19   WL 4826445, at *1 (9th Cir. Oct. 3, 2022) (citing *C.E. Pope Equity Tr. v. United States*, 818 F.2d
20   696, 698 (9th Cir. 1987)) ("A trustee may not represent a trust *pro se* in federal court").  The Court
21   ordered Plaintiffs Ordonez and Nunfio-Menjivar to show cause in writing, no later than December
22   2, 2025, why case-dispositive sanctions should not be imposed.  Docket No. 96.  Further, the Court
23   explained that if either Plaintiff Ordonez or Nunfio-Menjivar retained new counsel and had that
24   counsel file a notice of appearance in accordance with the Local Rules by December 2, 2025, the
25   Amended Order to Show Cause would be automatically discharged as to that Plaintiff.  *Id.*  To
26   date, Plaintiffs Ordonez and Nunfio-Menjivar have not complied with the Court's order.  *See*
27   Docket.

28

                                        1

In this case, the failure to comply with the Court's order to retain counsel is an abusive litigation practice that has interfered with the Court's ability to hear this case, delayed litigation, disrupted the Court's timely management of its docket, wasted judicial resources, and threatened the integrity of the Court's orders and the orderly administration of justice. Sanctions lesser than dismissal are unavailable because Plaintiffs Diana Andrade Ordonez and Karla Nunfio-Menjivar have been unable or unwilling to comply with the Court's order to retain counsel and the Ninth Circuit has held that case-dispositive sanctions are appropriate for a trust's failure to retain counsel for the duration of litigation since trusts may not appear in federal court without licensed counsel. *See C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 698 (9th Cir. 1987) (affirming district courts' dismissal of complaint and grant of motion to strike complaint for trusts' failure to retain counsel). Moreover, Plaintiffs Diana Andrade Ordonez and Karla Nunfio-Menjivar continue to violate the Court's order despite the explicit potential for the imposition of case-dispositive sanctions. *See* Docket No. 96 at 2.

Accordingly, the undersigned **RECOMMENDS** that the claims of Plaintiffs Diana Andrade Ordonez and Karla Nunfio-Menjivar be **DISMISSED**.

Dated: December 4, 2025

_____
Nancy J. Koppe
United States Magistrate Judge

## NOTICE

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).