UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| OSCAR WILFREDO DE LEON, et al., <br>     Plaintiffs, <br> v. <br> JAMES L. ROBINSON, et al., <br>     Defendants. | Case No. 2:23-cv-01452-JAD-NJK <br><br> **ORDER ADOPTING REPORT AND RECOMMENDATION** <br><br> ECF No. 98 |

On December 4, 2025, the magistrate judge entered this report and recommendation [98]:

> On October 14, 2025, the Court ordered Plaintiffs Diana Andrade Ordonez, Trustee of The Queen's Empire Revocable Living Trust, and Karla Nunfio-Menjivar, Trustee of The Green Rose Trust, to retain new counsel and have that counsel file a notice of appearance in accordance with the Local Rules by November 17, 2025. Docket No. 88. On November 17, 2025, Plaintiffs Ordonez and Nunfio-Menjivar filed a notice of intent to proceed *pro se*. Docket No. 94. On November 18, 2025, the Court issued an Amended Order to Show Cause as to Plaintiffs Ordonez and Nunfio-Menjivar because Plaintiffs, as non-attorney trustees, may not represent trusts *pro se* in federal court. Docket No. 96; *see Sundby v. Marquee Funding Grp., Inc.*, No. 21-55504, 2022 WL 4826445, at *1 (9th Cir. Oct. 3, 2022) (citing *C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 698 (9th Cir. 1987)) ("A trustee may not represent a trust *pro se* in federal court"). The Court ordered Plaintiffs Ordonez and Nunfio-Menjivar to show cause in writing, no later than December 2, 2025, why case-dispositive sanctions should not be imposed. Docket No. 96. Further, the Court explained that if either Plaintiff Ordonez or Nunfio-Menjivar retained new counsel and had that counsel file a notice of appearance in accordance with the Local Rules by December 2, 2025, the Amended Order to Show Cause would be automatically discharged as to that Plaintiff. *Id.* To date, Plaintiffs Ordonez and Nunfio-Menjivar have not complied with the Court's order. *See* Docket.

1

In this case, the failure to comply with the Court's order to retain counsel is an abusive litigation practice that has interfered with the Court's ability to hear this case, delayed litigation, disrupted the Court's timely management of its docket, wasted judicial resources, and threatened the integrity of the Court's orders and the orderly administration of justice. Sanctions lesser than dismissal are unavailable because Plaintiffs Diana Andrade Ordonez and Karla Nunfio-Menjivar have been unable or unwilling to comply with the Court's order to retain counsel and the Ninth Circuit has held that case-dispositive sanctions are appropriate for a trust's failure to retain counsel for the duration of litigation since trusts may not appear in federal court without licensed counsel. *See C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 698 (9th Cir. 1987) (affirming district courts' dismissal of complaint and grant of motion to strike complaint for trusts' failure to retain counsel). Moreover, Plaintiffs Diana Andrade Ordonez and Karla Nunfio-Menjivar continue to violate the Court's order despite the explicit potential for the imposition of case-dispositive sanctions. *See* Docket No. 96 at 2.

Accordingly, the undersigned **RECOMMENDS** that the claims of Plaintiffs Diana Andrade Ordonez and Karla Nunfio-Menjivar be **DISMISSED**.

Dated: December 4, 2025

Nancy J. Koppe
United States Magistrate Judge

## ORDER

The deadline for any party to object to this recommendation was 12/18/2025, and no objection was filed; instead, on 12/19/2025, Diana Andrade Ordonez and Karla Nunfio-Menjivar filed a request to voluntarily dismiss their claims [ECF No. 100]. IT IS THEREFORE ORDERED that the Magistrate Judge's Report and Recommendation **[ECF No. 98] is ADOPTED in its entirety; the claims of Diana Andrade Ordonez and Karla Nunfio Menjivar are DISMISSED, and the Clerk of Court is directed to TERMINATE these parties** from this case.

U.S. District Judge Jennifer A. Dorsey
Dated: December 28, 2025