# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Oscar Wilfredo DeLeon, et al., | Case No. 2:23-cv-01452-JAD-NJK |
| Plaintiffs | |
| v. | **Order Denying Motion for Default Judgment** |
| James L. Robinson, et al., | |
| Defendants | [ECF No. 99] |

This case arises from a dispute involving plaintiffs Oscar Wilfredo DeLeon, Diana Andrade Ordonez, Karla Nunfio-Menjivar, and Ajani Hunt and defendants James L. Robinson, Giddy Up Energy Products, and R-Three Technologies, Inc.  After numerous motions and orders, all that remains are the claims of Plaintiffs Oscar Wilfredo De Leon and Ajani Hunt against defaulted Defendants James L. Robinson and Giddy Up Energy Products, Inc.  De Leon and Hunt, now representing themselves, move for default judgment against Robinson and Giddy Up in the amount of $150,000.[1]

Federal Rule of Civil Procedure 55(b)(2) permits a plaintiff to obtain default judgment from the court if the clerk previously entered default based on defendant's failure to defend.[2] The court has discretion to enter a default judgment,[3] which is guided by the seven *Eitel* factors:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a

---

[1] ECF No. 99.

[2] *See* Fed R. Civ. P. 55(b)(2).

[3] *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

> dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.[4]

As default has already been entered in this case, I must take all the complaint's factual allegations as true, except those relating to damages.[5] "[N]ecessary facts not contained in the pleadings, and claims [that] are legally insufficient, are not established by default,"[6] and the court can consider additional proof of facts or damages to ensure that default judgment is appropriate.[7]

Unfortunately, the motion fails to establish entitlement to this relief. It offers no explanation of how the allegations in the operative complete establish these plaintiffs' entitlement to judgment on their claims. The First Amended Complaint contains claims for breach of contract, breach of the covenant of good faith and fair dealing, fraudulent or intentional misrepresentation, constructive fraud, conversion, securities fraud, and constructive trust.[8] But the moving plaintiffs don't even mention the nature of their claims in their motion, let alone explain how the allegations in the complaint meet the elements of those claims.[9] And while they now ask for an award of $150,000, their complaint only recounts that they gave $40,000 to one of the other defaulted defendants.[10] So this court cannot tell from the operative pleading or the motion for default judgment what damages, if any, these plaintiffs are entitled to.

---

[4] *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

[5] *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) (per curiam).

[6] *Cripps v. Life Ins. Co.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

[7] *See* Fed. R. Civ. P. 55(b)(2).

[8] ECF No. 47.

[9] *See generally* ECF No. 99.

[10] *See e.g.,* ECF No. 47 at ¶ 41 ("Plaintiffs deposited $40,000 into an account titled and apparently owned by Defendant R-Three Technologies, Inc.").

IT IS THEREFORE ORDERED that Plaintiffs Oscar Wilfredo De Leon and Ajani Hunt's motion for default judgment against Defendants James L. Robinson and Giddy Up Energy Products, Inc. **[ECF No. 99] is DENIED** without prejudice to their filing of a more robust motion that demonstrates how and why they are entitled to the relief they seek within the next 30 days.

_____
U.S. District Judge Jennifer A. Dorsey
April 1, 2026